**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4252**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LARRY ANTHONY LADSON, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:18-cr-00181-DCC-1)

Submitted:  January 23, 2020                Decided:  February 12, 2020

Before MOTZ, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Anthony Ladson, Jr., appeals his conviction and 240-month sentence. Following a jury trial, Ladson was convicted of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841 (2018). On appeal, Ladson's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether trial counsel was ineffective for failing to object and/or request a continuance after late disclosure of statements by cooperating witnesses. Ladson has filed a pro se supplemental brief,* adding an additional claim of ineffective assistance: failure to allow Ladson to view the officers' body cam footage prior to trial. In addition, Ladson challenges the sufficiency of the evidence against him. We affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The jury verdict must by sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Jaensch*, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

---

* We grant Ladson's motion for an extension of time to file his pro se supplemental brief.

2

In reviewing a case for substantial evidence, we evaluate "both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). We do not weigh the credibility of the evidence or resolve any conflicts in the evidence. *Beidler*, 110 F.3d at 1067. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

In order to establish a violation of § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed the controlled substance; (3) with the intent to distribute it. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). Possession may be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive but may be joint and "may be established by direct or circumstantial evidence." *Id.* Intent to distribute may be inferred if the amount of drugs found exceeds an amount normally associated with personal consumption. *See United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993).

Here, viewing the evidence in the light most favorable to the Government, there was evidence that a large amount of methamphetamine was found in Ladson's bedroom in a hamper containing his clothes. Ladson was found hiding from officers in the adjoining bathroom, and a heat-sealed bag was found in the toilet. Officers also found baggies and a digital scale, both consistent with drug distribution, in Ladson's dresser. The drugs were

packaged in 19 bags, most containing nearly identical amounts. The amount of methamphetamine in most of the bags was larger than what would generally be possessed by a user. Ladson also possessed over $3750 in cash on his person. Finally, Ladson's ex-girlfriend testified that Ladson was familiar with methamphetamine. We conclude that there was clearly sufficient evidence to support the jury's verdict.

Claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). A defendant should instead generally raise ineffectiveness claims in a 28 U.S.C. § 2255 (2018) motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). Because the record does not conclusively show ineffective assistance, we find that Ladson's ineffectiveness claims are not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ladson's conviction and sentence. This court requires that counsel inform Ladson, in writing, of the right to petition the Supreme Court of the United States for further review. If Ladson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ladson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*